# IN THE UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY<br><br>*Plaintiff*,<br><br>v.<br><br>LUIS M. ANGELET-FRAU, ESQUIRE; VAZQUEZ VIZCARRONDO & ANGELET, LLP; VAZQUEZ VIZCARRONDO, LLP; JUAN VILELLA-JANEIRO, ESQUIRE; VILELLA JANEIRO & JENKS, P.S.C.; ABC INSURANCE COMPANY; XYZ INSURANCE COMPANY; and DEFENDANTS A AND B.<br><br>*Defendants.* | CIVIL NO. **16-cv-2656 (JAG)**<br><br>DAMAGES, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, CONTRIBUTION AND INDEMNITY<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS FROM DEFENDANT ANGELET**

**COMES NOW** Plaintiff **CONTINENTAL CASUALTY COMPANY** (hereinafter "CCC') through its undersigned counsel, and very respectfully STATES and PRAYS:

1.  This is an action for legal malpractice, breach of contract and breach of fiduciary duties that Plaintiff CCC has brought against Defendant Luis M. Angelet-Frau, Esquire ("Defendant"), for his failures in performing duties and obligations owed to Plaintiff CCC in Constrcutora BJNP, Inc. v. CMA Architects and Engineers, et al, (Civ. Num. KAC 2003-7473 (903)) (hereinafter "the BJNP Litigation"). Specifically, Plaintiff's claims arise

out of Defendant's complete failure to file an opposition to a motion for summary judgment, failure to disclose any experts as to liability and damages, and failure to timely return the case file from the BJNP Litigation, which eventually forced Plaintiff CCC to settle claims in that litigation for substantially more than would have been required if Defendant had complied with his obligations and properly represented CCC's interests. Plaintiff's damages in this action are in excess of $6,340,000.00 plus interest, a substantial sum that was directly incurred due to Defendant's failures.

2. Under Federal Rule of Civil Procedure 26(b)(1), a party can discover any non-privileged matter that is (1) relevant to any party's claim or defense and (2) proportional to the needs of the case. Moreover, information that falls within the permissible scope of discovery does not need to be admissible in evidence at trial to be discoverable. Fed. R. Civ. P. 26(b)(1); 2015 Notes to Fed. R. Civ. P. 26, at ¶ 19. To determine what is discoverable, the parties must consider six factors under the proportionality standard of Rule 26(b)(1): (1) the importance of the issues at stake, (2) the amount in controversy, (3) the parties' access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues in the case, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Critically, the party responding to discovery must also consider the proportionality standard and cannot refuse or evade discovery by making objections. See 2015 Notes to Fed. R. Civ. P. 26, at ¶10; see also In re Bard IVC Filter Prods. Liab. Litig., 317 F.R.D. 562, 564 (D. Az. 2016).

3. All of the factors under Rule 26 weight in favor of Plaintiff's discovery requests to Defendant. In a malpractice case such as this, discovery surrounding the acts and

omissions made by Defendant in the underlying BJNP Litigation and Defendant's handling of that litigation are highly relevant and proportional to the needs of the case. What is more, information and materials related to Defendant's Affirmative Defenses, which are direct statements from Defendant about Plaintiff's claims, are also both relevant and proportional discovery.

4. Under the proportionality considerations of Rule 26, Rule 26(g) emphasizes that Defendant must take the proportional nature of the discovery requests into account when making responses and objections. The permissible types of discovery under the proportionality standard include opinions and contentions about a fact or the application of law to fact. See Fed. R. Civ. P. 26(b)(1) & 36(a)(A). A party may also discover any statement that has been made about the lawsuit and statements in pleadings by Defendant. See Fed. R. Civ. P. 26(b)(3)(C). What is more, a party may obtain discovery surrounding any insurance agreement that would either satisfy all or part of a possible judgment or indemnity. See Fed. R. Civ. P. 26(a)(1)(A).

5. In regard to Plaintiff's Requests for Admissions, the main purpose of Requests for Admissions is to simplify issues in the case by eliminating matters about which there is no real controversy. See, e.g., AmerGen Engery Co. v. U.S., 94 Fed.Cl. 413, 416 (Fed. Cl. 2010). Requests for Admissions may be used to request that an opposing party admit the truth of matters relating to facts, the application of law to facts, or opinions about either. See Fed. R. Civ. P. 36(a)(1); Kelly v. McGraw-Hill Cos., 279 F.R.D. 470, 472-73 (N.D. Ill. 2012). The response to a Request for Admission must: (1) admit the matter, (2) deny the matter, (3) if the responding party cannot truthfully admit or deny, state in detail why the

matter cannot be admitted or denied, or (4) instead of answering, the party may object to the specific request.  See Fed. R. Civ. P. 36(a)(4) & (a)(3).  A responding party is also required to "fairly respond to the substance of the matter," Fed. R. Civ. P. 36(a)(4), and, where partially admitting or denying, specify with clarity the part admitted and/or the part denied, Fed. R. Civ. P. 36(a)(4); Apex Oil Co. v. Belcher Co., 855 F.2d 1009, 1015 (2d Cir. 1988).  Where a responding party submits "evasive" answers, the Court can deem the matter admitted.  Southern Ry v. Crosby, 201 F.2d 878, 880 (4th Cir. 1953).  A party submitting Requests for Admissions may also ask the court to award reasonable expenses, including attorneys' fees, if the responding party does not admit what is requested and the requesting party later proves the matter to be true.  See Fed. R. Civ. P. 37(c)(2); see also, e.g., Magnetar Techs v. Intamin, Ltd., 801 F.3d 1150, 1161 (9th Cir. 2015).

6.     Furthermore, in responding to Requests for Admissions, the responding party cannot simply state it did not have documents or sufficient information available to answer.  The responding party must represent that it has actually made a reasonable effort to ascertain the matter.  See Fed. R. Civ. P. 26(g)(1); Brown v. Alren Mgmt., 663 F.2d 575, 578-79 (5th Cir. 1981).  Here, where the underlying BJNP court records are equally available to Defendant as to Plaintiff, Defendant cannot respond that it has no information at all to answer without simultaneously representing that it has made a reasonable effort to review publicly available materials, as opposed to improperly relying solely on first hand recollection or memory.  From one perspective, Defendant was acting as counsel in the BJNP Litigation and it is impractical for him to claim insufficient information to respond.

7. Under Federal Rule of Civil Procedure 37(a)(3)(B), if a party does not properly respond to discovery requests, the requesting party may file a motion to compel. Moreover, if a party does not adequately respond or provides evasive answers, the requesting party may move for an order compelling an adequate response. See, e.g., GMAC Bank v. HTFC Corp., 248 F.R.D. 182, 193 (E.D. Pa. 2008). For purposes of a motion to compel, an evasive or incomplete answer should be treated as a failure to respond. See Fed. R. Civ. P. 37(a)(4); Beard v. Braunstein, 914 F.2d 434, 446 (3d Cir. 1990).

8. On January 8, 2019, Defendant served answers to Plaintiff's Interrogatories and Requests for Production, which are attached hereto as Exhibit "A."

9. On January 8, 2019, Defendant served responses to Plaintiff's Requests for Admissions, which are attached hereto as Exhibit "B."

10. On January 11, 2019, Plaintiff sent Defendant a detailed letter outlining Plaintiff's issues with Defendant's responses to Plaintiff's written discovery. Plaintiff's Letter detailed the issues with Defendant's responses to (1) Interrogatories Nos. 4, 7, 11, 12, 13, 14, 15, 16 and 17, (2) Requests for Production Nos. 3, 10, 14, & 15, and (3) Requests for Admissions Nos. 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, & 17. A copy of Plaintiff's Letter is attached here to as Exhibit "C." For brevity and in the interests of judicial economy, Plaintiff refers the Court to the Letter for a description of Defendant's improper responses. For Interrogatories Nos. 4, 7, 11, 12, 13, 14, 15, 16 and 17 and Requests for Production Nos. 3, 10, 14, & 15, Plaintiff set forth in detail in its Letter the insufficient nature of the answers. For Requests for Admissions Nos. 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, & 17, Plaintiff set forth in detail in its Letter the insufficient responses. Plaintiff's Letter contains a paragraph

description for each request identified above explaining to Defendant why the response provided was either insufficient or evasive.

11. On January 25, 2019, Plaintiff's counsel and Defendant's counsel held a conference call to confer in good faith to address this discovery issues outlined in Plaintiff's Letter of January 11, 2019. At the conclusion of the call, Defendant's counsel advised that he would provide a written response to Plaintiff's Letter by Friday, February 2, 2019. Defendant never sent a letter.

12. On February 13, 2019, Plaintiff's counsel communicated with Defendant's counsel by email and advised that, if no response was received by 12 p.m. EST / 1 p.m. AST on Friday, February 15, 2019, Plaintiff would file a motion to compel. Attached hereto as Exhibit "D" is Plaintiff's email communication to Defendant's counsel.

13. Thereafter, on February 14, 2019, in response to Plaintiff's email, Defendant's counsel requested another extension until Monday, February 18, 2019, but, importantly, advised Plaintiff's counsel that "as of today, only one response will be supplemented." In response, Plaintiff's counsel explained that Plaintiff has been patient and it is unreasonable after a month of evaluation for Defendant to request another extension while telling Plaintiff it will only supplement one request. And the request being referred to was never identified by Defendant's counsel. Attached hereto as Exhibit "E" are the email communications between Defendant and Plaintiff on February 14, 2019.

14. On February 15, 2019, Defendant's counsel sent an email rehashing the objections raised in response to Plaintiff's requests but did not properly supplement the discovery requests. Attached hereto as Exhibit "F" are the email communications of

February 15, 2019, from Defendant's counsel. The email sent by Defendant's counsel does not properly address Plaintiff's concerns with the responses and does not qualify as a supplemental discovery response. Notably, defendant did not verify the email and there is no actual discovery paper that accompanied the email. The email is also insufficient, as it is legal argument and largely ignores that Plaintiff's main concern is that Defendant ignored the questions asked and provided self-serving objections and responses without answering the substance of the question that was asked. Plaintiff has a right to inquire as the facts and information known to Defendant.

15. In regard to these discovery issues, Plaintiff followed the proper procedure of sending a detailed letter, identifying each request by number and issue and then explaining Plaintiff's position as to each to Defendant's counsel. Thereafter, Plaintiff also conferred with Defendant's counsel and granted additional time for a written response or amendments. No substantive response or actual amendments have ever been received and all that was provided was an lengthy email of February 15, 2019, in which Defendant's counsel simply restated the answers already provided. Plaintiff needs to proceed with discovery in this case and its actions on this issue have been reasonable.

16. As set forth in specific detail in Plaintiff's Letter of January 11, 2019, Defendant's responses and answers were evasive, incomplete and, in some instances, ignored what was being requested. Moreover, all of the information Plaintiff is seeking is not only highly relevant but proportional to the specific needs of this legal malpractice action.

17. Plaintiff respectfully requests that this Honorable Court order Defendant to amend his answers to Plaintiff's Interrogatories Nos. 4, 7, 11, 12, 13, 14, 15, 16 and 17,

Requests for Production Nos. 3, 10, 14, & 15, and Requests for Admissions Nos. 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, & 17 within 7 days and for the Court to award any other relief that the Court deems just and appropriate under the circumstances.[1]

**WHEREFORE,** and for the reasons stated herein, Plaintiff CCC respectfully requests that this Honorable Court order Defendant Angelet to amend his answers to Plaintiff's Interrogatories Nos. 4, 7, 11, 12, 13, 14, 15, 16 and 17, Requests for Production Nos. 3, 10, 14, & 15, and Requests for Admissions Nos. 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, & 17 within 7 days and that the Court order any other relief that the Court deems just and appropriate.

### LOCAL RULE 26(b) CERTIFICATION

I, Joseph F. Rich, Esquire, hereby certify that a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in this Motion took place **on January 25, 2019,** when counsel for both parties participated in a conference call to discuss this discovery issue.

**RESPECTFULLY SUBMITTED.**

In Miami, Florida, this 15th day of February, 2019.

---

[1] The parties currently have Defendant's video deposition scheduled for March 14, 2019. It is imperative that Plaintiff receive amended responses to these discovery requests no later than February 25, 2019, so as to allow Plaintiff sufficient time to review them prior to the deposition.

Case No.: **16-cv-2656 (JAG)**
Page 9

WE HEREBY CERTIFY: that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

BY:  */s/ Joseph F. Rich*
Joseph F. Rich, Esquire
COZEN O'CONNOR
USDC-PR No. 231602
200 South Biscayne Blvd., Suite 3000
Miami, Florida 33130
(T) 786-871-3941
(F) 786-220-0204
Primary E-Mail: jrich@cozen.com
*Attorneys for Plaintiff, Continental Casualty Company*